UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| TYLER-JAY STOESER-CALKINS, IN HIS NATURAL CAPACITY; AND AARON PRINCE, PRIVATE PROSECUTOR;<br><br>Plaintiffs,<br><br>vs.<br><br>M. BRIDGET MAYER, IN HER PERSONAL AND OFFICIAL CAPACITY; SOUTH DAKOTA UNIFIED JUDICIAL SYSTEM; SOUTH DAKOTA STATE BAR ASSCOCIATION; EDWARD S. HRUSKA, III, IN HIS PERSONAL AND OFFICIAL CAPACITY; SAM STROMMEN, IN HIS PERSONAL AND OFFICIAL CAPACITY AND STEPHANIE TRASK, IN HER PERSONAL AND OFFICIAL CAPACITY;<br><br>Defendants. | 5:25-CV-05026-RAL<br><br><br><br>ORDER DENYING MOTION TO VACATE JUDGMENT |
| TYLER-JAY STOESER-CALKINS, IN HIS NATURAL CAPACITY; AND AARON PRINCE, PRIVATE PROSECUTOR;<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTINA L. KLINGER, IN HER PERSONAL AND OFFICIAL CAPACITY; STEPHANIE MARSHALL, IN HER PERSONAL AND OFFICIAL CAPACITY; SOUTH DAKOTA UNIFIED JUDICAL SYSTEM; AND UNKNOWN CO-CONSPIRATORS, IN THEIR PERSONAL AND OFFICIAL CAPACITIES; | 5:25-CV-05027-RAL<br><br><br><br>ORDER DENYING MOTION TO VACATE JUDGMENT |

1

| | |
|---|---|
| Defendants. | |
| TYLER-JAY STOESER-CALKINS, IN HIS NATURAL CAPACITY; AND AARON PRINCE, PRIVATE PROSECUTOR;<br><br>Plaintiffs,<br><br>vs.<br><br>DOUGLAS ABRAHAM, IN HIS PERSONAL AND OFFICIAL CAPACITY; MARGO NORTHRUP, IN HER PERSONAL AND OFFICIAL CAPACITY; LENNY STARKS, IN HIS PERSONAL AND OFFICIAL CAPACITY; CHRIS HATHAWAY, IN HIS PERSONAL AND OFFICIAL CAPACITY; FARM CREDIT SERVICES; SOUTH DAKOTA BAR ASSOCIATION; SOUTH DAKOTA UNIFIED JUDICIAL SYSTEM; AND UNKNOWN CO-CONSPIRATORS, IN THEIR PERSONAL AND OFFICIAL CAPACITIES;<br><br>Defendants. | 5:25-CV-05028-RAL<br><br><br>ORDER DENYING MOTION TO VACATE JUDGMENT |

Plaintiffs Tyler-Jay Stoeser-Calkins and a non-member of the bar of the United States District Court for the District of South Dakota from Sarasota, Florida, calling himself a "private prosecutor" with the trademarked and copyrighted name of Aaron Prince or perhaps "Aaron: Prince" (collectively "Plaintiffs") filed the three above-captioned cases against certain state court judges, South Dakota lawyers, the State Bar of South Dakota and others (collectively "Defendants"). Defendants filed motions to dismiss because they were not properly served and the time to serve them under Rule 4(m) of the Federal Rules of Civil Procedure has elapsed. 5:25-cv-05026-RAL Docs. 10, 11, 14, 20, 21; 5:25-cv-05027-RAL Docs. 11, 12; 5:25-cv-05028-RAL

2

Docs. 23, 24, 33, 34. Plaintiffs then filed a Motion for Preliminary Injunction seeking this Court to strike down practice restrictions allowing Prince to represent Stoeser-Calkins and prevent Defendants from retaliating in ongoing state court proceedings. 5:25-cv-05026-RAL Doc. 30; 5:25-cv-05027-RAL Doc. 25; 5:25-cv-05028-RAL Doc. 40. In an Opinion and Order dated September 10, 2025, this Court granted the Defendants' motions to dismiss and denied as moot and on the merits Plaintiffs' motions for preliminary injunction, and thereby entered Judgment of Dismissal Without Prejudice for Defendants. 5:25-cv-05026-RAL Docs. 35, 36; 5:25-cv-05027-RAL Docs. 31, 32; 5:25-cv-05028-RAL Docs. 46, 47.

After entry of Judgment of Dismissal without Prejudice, Plaintiffs filed a Motion to Vacate Judgment Pursuant to Rule 60(b)(4) in each case. 5:25-cv-05026-RAL Doc. 39; 5:25-cv-05027-RAL Doc. 34; 5:25-cv-05028-RAL Doc. 49. Plaintiffs also filed a Motion for Clerk Entry of Default Judgment in 5:25-cv-5028-RAL, Doc. 57, as well as a series of notices in each case.[1] Plaintiff Prince in filing the post-judgment motions and notices continues his unauthorized practice of law, violative of SDCL § 16-18-1 and this Court's Local Rule D.S.D. Civ. LR 83.2. The various Defendants oppose Plaintiffs' motions to vacate judgment. 5:25-cv-05026-RAL Docs. 44, 45; 5:25-cv-05027-RAL Doc. 40; 5:25-cv-05028-RAL Docs. 55, 56. Plaintiffs have not sought to appeal from the dismissals without prejudice.

Rule 60(b)(4) allows for relief from "a final judgment, order, or proceeding" if "the judgment is void." Fed. R. Civ. P. 60(b)(4); see Coney Island Auto Parts Unlimited, Inc. v. Burton, 607 U.S. ---, 2026 WL 135998, at *2 (U.S. Jan. 20, 2026). The judgments of dismissal without

---

[1] This Court does not respond to the notices. Under Rule 7(b)(1), any "request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). The various notices filed post-judgment do not include a notice of appeal, nor do they make sense as post-judgment filings in a case dismissed without prejudice.

3

prejudice are not void though. As explained in the Opinion and Order, the Plaintiffs failed to properly serve any of the Defendants, justifying dismissal under Rules 4(m) and 12 (b)(5) of the Federal Rules of Civil Procedure. A void judgment, for instance, is one entered by a court without jurisdiction or without the opportunity for plaintiffs to respond to their failure to properly serve the defendants. See United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270–71 (2010) ("Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.").

Here, Plaintiffs attempted to invoke federal jurisdiction to have this court enjoin state prosecution against Stoeser-Calkins, and to strike down SDCL § 16-18-1 to allow Prince to practice law in South Dakota without a license. 5:25-cv-05026-RAL Doc. 1; 5:25-cv-05027-RAL Doc. 1; 5:25-cv-05028-RAL Doc. 1. Plaintiffs' argument is not that this Court acted without jurisdiction but asserts that this Court should—without Defendants being properly served—undertake a list of fourteen things that this Court ostensibly failed to do. 5:25-cv-05026-RAL Doc. 39; 5:25-cv-05027-RAL Doc. 34; 5:25-cv-05028-RAL Doc. 49. Plaintiffs have not shown that the judgments of dismissal without prejudice were void. If Plaintiffs think this Court erred in its Opinion and Order and Judgment of Dismissal Without Prejudice, they should have appealed. Nor are the Plaintiffs, after the case is dismissed without prejudice, entitled to default judgment in 5:25-cv-5028-RAL. Therefore, it is

ORDERED that the motions to vacate judgment, 5:25-cv-05026-RAL Doc. 39; 5:25-cv-05027-RAL Doc. 34; 5:25-cv-05028-RAL Doc. 49, and the Motion for Default Judgment in 5:25-cv-5028-RAL, Doc. 57, are denied.

DATED this 22nd day of January, 2026.

                    BY THE COURT:

                    _____
                    ROBERTO A. LANGE
                    CHIEF JUDGE